Tina Wolfson, CA Bar No. 174806
*twolfson@ahdootwolfson.com*
Bradley K. King, CA Bar No. 274399
*bking@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: (310) 474-9111
Fax: (310) 474-8585

*Counsel for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA TREVINO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SMASHBURGER IP HOLDER LLC, SMASHBURGER FRANCHISING LLC, and JOLLIBEE FOODS CORPORATION (USA),<br><br>Defendants. | No. 2:19-cv-02794<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Barbara Trevino ("Plaintiff"), by and through her undersigned counsel, brings this Class Action Complaint on behalf of herself and all others similarly situated against Defendants Smashburger IP Holder LLC, Smashburger Franchising LLC, and Jollibee Foods Corporation (USA) (collectively, "Smashburger"), and alleges as follows based on personal knowledge of facts pertaining to her and on information and belief as to all other matters:

## NATURE OF THE CASE

1. This is a class action lawsuit arising from Smashburger's false, deceptive and misleading advertising of its "Triple Double" burgers.

2. Smashburger prominently markets to Plaintiff and other consumers that the Triple Double contains "double the beef" of Smashburger's regular-sized "Classic Smash" burger, when in fact it does not. Contrary to Smashburger's "double the beef" representations, the Triple Double contains the same amount of beef (5.0 ounces) as the Classic Smash. Specifically, the Triple Double is comprised of two 2.5-ounce beef patties, while the Classic Smash is comprised of one 5.0-ounce beef patty.

3. The deceptive nature of Smashburger's "double the beef" representations is designed to induce consumers into purchasing the Triple Double by communicating a substantive message to consumers: that the Triple Double contains twice the amount of beef as the Classic Smash. However, Smashburger's representations are completely illusory, because Smashburger's Triple Double contains the same amount of beef as the Classic Smash.

4. Smashburger's representations are false, misleading, and reasonably likely to deceive the consuming public who, like Plaintiff here, rely on the truth of Smashburger's representations to make purchasing decisions.

5. In purchasing one or more Triple Double burgers from Smashburger, Plaintiff saw, read, and relied on Smashburger's misleading and deceptive "double the beef" advertisements. Plaintiff would not have made her purchases but for Smashburger's false, deceptive, and misleading representations.

6. As alleged herein, Smashburger's conduct constitutes a violation of California's

1
CLASS ACTION COMPLAINT

Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* (the "CLRA"), Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL"), and False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* (the "FAL").

7. In addition, Smashburger's conduct violates the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and false advertisements (15 U.S.C. § 52(a)).

8. Plaintiff brings this action individually and on behalf of all others similarly situated consumers who have purchased one or more of Smashburger's Triple Double that were deceptively represented as containing "double the beef". Plaintiff seeks restitution and other equitable remedies, including declaratory relief and an injunction under the CLRA, FAL, and UCL. Plaintiff also seeks reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

**PARTIES**

9. Plaintiff Barbara Trevino is a resident of Glendale, California.

10. After viewing Smashburger's misleading and deceptive "double the beef" advertisements, and in reliance on those representations, Plaintiff purchased one or more Triple Doubles from Smashburger.

11. Defendants Smashburger IP Holder LLC and Smashburger Franchising LLC are both Delaware limited liability companies, each having a principal place of business at 3900 East Mexico Avenue, Suite 1200, Denver, Colorado. Defendants Smashburger IP Holder LLC and Smashburger Franchising LLC operate a chain of fast-casual restaurants specializing in hamburger and cheeseburger sandwiches and other products and services.

12. Defendant Jollibee Foods Corporation (USA) is the parent company of Smashburger IP Holder LLC and Smashburger Franchising LLC. Jollibee Foods Corporation is a multinational company that owns multiple restaurant chains.

**JURISDICTION AND VENUE**

13. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million

exclusive of interest and costs. Plaintiff and Defendants are citizens of different states. There are more than 100 putative Class Members.

14. This Court has personal jurisdiction over Smashburger IP Holder LLC and Smashburger Franchising LLC because both are limited liability companies authorized to conduct and regularly conducts business in the State of California.

15. This Court has personal jurisdiction over Jollibee Foods Corporation because it is registered to do business and regularly conducts business in the State of California.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants regularly transact substantial business in this District. In addition, a substantial part of the events giving rise to Plaintiff's causes of action arose in this District.

## FACTUAL ALLEGATIONS

17. Smashburger is an American fast-casual hamburger restaurant chain founded in 2007 in Denver, Colorado. Boasting the operation of over 380 locations across 38 states and 9 counties, Smashburger touts itself as "the quickest fast-casual concept ever to hit the 200-restaurant milestone."[1]

18. On July 11, 2017, Smashburger announced *via* a press release (the "Press Release") that it was launching a new burger product to add to its nationwide menu--the Triple Double. Smashburger's Press Release stated, among other things, that the "Triple Double will feature two of Smashburger's famous fresh never frozen beef patties . . . ." The Press Release also quoted Smashburger's Co-Founder & Chief Executive Officer, Tom Ryan as stating: "We're giving people more of what they love. **Double the juicy, caramelized beef**, made-to-order and seared to perfection. And triple the cheesy goodness." (emphasis added).

19. Since launching the Triple Double, Smashburger has consistently marketed and advertised its Triple Double as containing twice the amount of beef as the Classic Smash. Smashburger's representations are specifically designed to induce consumers into purchasing

---
[1] *See* https://smashburger.com/franchise-opportunities/ (last visited Apr. 9, 2019).

the Triple Double which purportedly contains double the beef as Smashburger's regular-sized Classic Smash, when in reality, it does not.

20. Smashburger has used, and continues to use, its "double the beef" representations in multiple various advertising mediums, including but not limited to, its website, its online and in-store menus, displays at its chain restaurants, social media accounts, and in television advertisements.

21. For instance, the Triple Double is featured on Smashburger's website and online menu.[2] Smashburger's website explicitly describes the Triple Double as having "Triple the cheese and double the beef in every bite."





---

[2] *See* https://smashburger.com/menu/ (last visited Apr. 9, 2019).

4

CLASS ACTION COMPLAINT

22. Smashburger repeats and reinforces its "double the beef" representations in its social media accounts, including in, but not limited to, its Facebook[3] and Twitter[4] accounts:




23. Smashburger has also used its "double the beef" representations in several television commercials promoting the Triple Double. *See e.g.*, https://vimeo.com/224690849; https://vimeo.com/225485077.

24. In one of these commercials, an actor describes the Triple Double as the "meatiest thing I've ever eaten," and another has a Triple Double in hand and exclaims, "this is a lot of meat."

25. Smashburger's in-store menus and displays similarly communicate the same deceptive message: that the Triple Double contains "double the beef" in every bite.

---

[3] *See* https://www.facebook.com/smashburger/photos/introducing-the-triple-double-its-the-stuff-burger-dreams-are-made-oftwo-layers-/10156519213788228/ (last visited Apr. 9, 2019).

[4] https://twitter.com/smashburger/status/1004120736720736256/ (last visited Apr. 9, 2019).



CLASS ACTION COMPLAINT

26. Consumers like Plaintiff rely on these representations in making purchasing decisions. Indeed, Smashburger's "double the beef" representations have deceived or have had a tendency to deceive consumers into believing that the Triple Double contains twice the amount of beef as the Classic Smash, or that the Triple Double contains more beef that it actually does.

27. As an immediate, direct, and proximate result of Smashburger's representations, Smashburger injured Plaintiff and Class members in that, among other things, they paid more for the Triple Double than they would have had they known the truth., and were deprived the benefit of the bargain because the Triple Double was different from what Smashburger warranted, and was of less value than what was represented.

28. Based on Smashburger's advertising and marketing of the Triple Double, it is clear that Smashburger's representations are intended to induce a common belief in unsuspecting consumers that the Triple Double contains double the amount of beef as the Classic Smash.

29. Smashburger knows, or should have known, that it misinforms its consumers regarding the quantity or value of beef contained in the Triple Double.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this lawsuit individually and as a class action under Federal Rule of Civil Procedure 23 on behalf of a proposed Class defined as follows.

> All persons in the United States who purchased Smashburger's Triple Double within the applicable Class Period (the "Nationwide Class").

In the alternative, Plaintiff seeks to represent a Class consisting of:

> All persons within the State of California who purchased Smashburger's Triple Double within the applicable Class Period (the "California Class").

31. Excluded from the Class are Smashburger, as well as its officers, employees, agents or affiliates, and any judge who presides over this action, as well as all past and present

7

CLASS ACTION COMPLAINT

employees, officers and directors of Smashburger. Plaintiff reserves the right to expand, limit, modify, or amend the Class and definitions, including the addition of one or more subclasses, in connection with their motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

32. The Class meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(1), (b)(2), and (b)(3) for all of the following reasons.

33. Numerosity: Although the exact number of Class members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable. The disposition of the claims of these Class members in a single action will provide substantial benefits to all parties and to the Court. The parties will be able to identify each member of the Class after Smashburger's document production and/or related discovery.

34. Commonality: There are numerous questions of law and fact common to Plaintiff and Class members that predominate over any individual questions. These common legal and factual issues include the following:

- Whether Smashburger markets and advertises its Triple Double in a deceptive, false, or misleading manner;
- Whether Smashburger's alleged conduct constitutes violations of the laws asserted;
- Whether Smashburger engaged in unfair, unlawful and/or fraudulent business practices under the laws asserted;
- Whether Plaintiff and Class members suffered legally cognizable damages as a result of Smashburger's conduct of which they are entitled and/or restitution, and the proper measure of that loss;
- Whether Plaintiff and Class members are entitled to equitable relief including injunctive relief.

35. Typicality: All of Plaintiff's claims are typical of the claims of the proposed Class she seeks to represent. Plaintiff, like all proposed Class members, has been deceived (or was

likely to be deceived) by Smashburger's false and deceptive advertising scheme, as alleged herein. Each Class member was subjected to the same illegal conduct, was harmed in the same way, and has claims for relief under the same legal theories.

36. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Class she seeks to represent. Plaintiff has no interests that are adverse to, or in conflict with, those of Class members. There are no claims or defenses that are unique to Plaintiff. Likewise, Plaintiff has retained counsel experienced in class action and complex litigation who have sufficient resources to prosecute this action vigorously.

37. **Predominance**: The proposed action meets the requirements of Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to the Class predominate over any questions which may affect only individual Class members.

38. **Superiority**: The proposed action also meets the requirements of Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions is superior to multiple individual actions or piecemeal litigation, avoids inconsistent decisions, presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class member. Absent a class action, the majority of Class members would find the cost of litigating their claims prohibitively high and would have no effective remedy.

39. Plaintiff's claims also meet the requirements of Federal Rule of Civil Procedure 23(b)(1) because prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards for Defendant. Varying adjudications could establish incompatible standards with respect to: whether Defendant's ongoing conduct violates the claims alleged herein; and whether the injuries suffered by Class members are legally cognizable, among others. Prosecution of separate actions by individual Class members would also create a risk of individual adjudications that would be dispositive of the interests of other Class members not parties to the individual adjudications, or substantially impair or impede the ability of Class members

to protect their interests.

## FIRST CAUSE OF ACTION

### Violation of Cal. Civ. Code § 1750, *et seq.*

### California's Consumers Legal Remedies Act ("CLRA")

40. Plaintiff incorporates by reference each of the preceding factual allegations.

41. The CLRA has adopted a comprehensive statutory scheme prohibiting various deceptive practices in connection with the conduct of a business providing goods, property, or services to consumers primarily for personal, family, or household purposes. The self-declared purposes of the CLRA are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

42. Defendants Smashburger IP Holder LLC and Smashburger Franchising LLC are "persons" as defined by Civil Code Section 1761(c), because both are limited liability companies, as set forth in this Complaint.

43. Defendant Jollibee Foods Corporation is a "person" as defined by Civil Code Section 1761(c), because it is a corporation as set forth in this Complaint.

44. Plaintiff and Class members are "consumers" within the meaning of Civil Code Section 1761(d).

45. The Triple Doubles purchased by Plaintiff and the Class constitute "goods" and within the meaning of Cal. Civ. Code § 1761(a).

46. Smashburger's sale of Triple Doubles to Plaintiff and the Class constitute "transactions," as defined by Cal. Civ. Code § 1761(e).

47. Plaintiff and Class members purchased Triple Doubles from Smashburger stores for personal, family, and household purposes, as defined by Cal. Civ. Code § 1761(d).

48. Venue is proper under Cal. Civ. Code § 1780(d) because a substantial portion of the conduct at issue occurred in this District. An affidavit establishing that this Court is the proper venue for this action is attached below.

49. As described herein, Smashburger's practices constitute violations of California Civil Code Section 1770 in at least the following respects:

  a. In violation of Section 1770(a)(5), Smashburger misrepresented that the Triple Double had characteristics, benefits, or uses that it does not have (that it contains "double the beef" of the Classic Smash when in fact it does not);

  b. In violation of Section 1770(a)(7), Smashburger misrepresented that the Triple Double was of a particular standard, quality, and/or grade when it was of another (that it contains "double the beef" of the Classic Smash when it fact it does not);

  c. In violation of Section 1770(a)(9), Smashburger advertised the Triple Double with an intent not to sell it as advertised (advertising it as containing "double the beef" of the Classic Smash when in fact it does not); and

  d. In violation of Section 1770(a)(16), Smashburger misrepresented that the Triple Double was supplied in accordance with previous representations when it was not (that it contains "double the beef" when in fact it does not).

50. Smashburger's misrepresentations regarding the Triple Double were material to Plaintiff and Class members because a reasonable person would have considered them important in deciding whether or not to purchase the Triple Double.

51. Plaintiff and Class members relied upon Smashburger's material misrepresentations and would have acted differently had they known the truth.

52. As a direct and proximate result of Smashburger's material misrepresentations, Plaintiff and Class members have been irreparably harmed.

53. In accordance with Cal. Civ. Code § 1782(a), on March 7, 2019, prior to the filing of this Complaint, Plaintiff's counsel served Smashburger with notice of these CLRA violations by certified mail, return receipt requested.

54. Smashburger failed to respond to Plaintiff's letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice, as proscribed by § 1782.

55. On behalf of Class members, Plaintiff seeks injunctive relief in the form of an order enjoining Smashburger from making such material misrepresentations and to engage in a corrective advertising to alert consumers of these misrepresentations. Plaintiff also seeks actual, punitive, and statutory damages, restitution, attorneys' fees and costs, and any other relief the Court deems proper as a result of Smashburger's violations of the CLRA.

## SECOND CAUSE OF ACTION

### Violation of Cal. Bus. & Prof. Code § 17500, *et seq.*
### California's False Advertising Law ("FAL")

56. Plaintiff incorporates by reference each of the preceding factual allegations.

57. Smashburger routinely engages in a scheme of advertising that the Triple Double contains double the amount of beef of Smashburger's Classic Smash, when in fact it does not.

58. Smashburger's advertisement of the Triple Double misrepresented the true nature of the amount of beef it contains. These advertisements are being made to consumers located within the State of California and come within the definition of advertising as contained in the FAL in that such representations are intended to induce consumers like Plaintiff and Class members to purchase Smashburger's Triple Double. Smashburger knows, or in the exercise of reasonable care should know, that its "double the beef" representations are false, misleading, deceptive, and violated California law.

59. Smashburger's misleading and deceptive advertising practice give consumers the false impression that the Triple Double contains twice the amount of beef as Smashburger's Classic Smash. Plaintiff necessarily and reasonably relied on Smashburger's representations regarding the Triple Double, and all members of the Class are and have been exposed to such representations. Consumers, including Plaintiff and members of the Class, are among the intended targets of Smashburger's representations.

60. As a direct and proximate result of Smashburger's misleading and false advertisements, Plaintiff and Class members have suffered injury in fact and have lost money. Had Plaintiff and Class members known that Smashburger's representations, advertisements,

and other inducements misrepresents the true amount of beef contained in the Triple Double, they would not have purchased Smashburger's Triple Double, or would have paid less for them.

61. Plaintiff, on behalf of herself and all other similarly situated consumers, and as appropriate, on behalf of the general public, seek restitution and injunctive relief to prohibit Smashburger from continuing the unfair, unlawful, and fraudulent practices alleged herein, and any other relief deemed proper by the Court.

## THIRD CAUSE OF ACTION

### Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

### California's Unfair Competition Law ("UCL")

62. Plaintiff incorporates by reference each of the preceding factual allegations.

63. The UCL prohibits any "unlawful, unfair, or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

64. Smashburger violated the "unlawful" prong of the UCL by making material misrepresentations regarding the amount of beef contained in the Triple Double, in violation of state and federal law.

65. Smashburger's acts and practices alleged above, without limitation, the CLRA, FAL, and FTCA.

66. Plaintiff and Class members suffered substantial injury by virtue of Smashburger's unlawful scheme of advertising that the Triple Double contains twice the amount of beef as Smashburger's Classic Smash, when in fact it does not.

67. Smashburger's actions alleged herein violate the laws and public policies of California and the federal government.

68. There is no benefit to consumers in allowing Smashburger to deceptively market and advertise the Triple Double in violation of California law.

69. The gravity of the harm inflicted on Plaintiff and Class members outweighs any legitimate justification, motive or reason for marketing and advertising the Triple Double in a deceptive and misleading manner in violation of California law. Accordingly, Smashburger's

actions are immoral, unethical, and unscrupulous, offend established California public policies, and cause substantial injury to Plaintiff and members of the Class.

70. Through its false advertising scheme, Smashburger fraudulently concealed from, and intentionally failed to disclose to, Plaintiff and other similarly situated, the truth about the amount of beef the Triple Double contains.

71. Smashburger's misleading marketing and advertisements have deceived and continue to deceive reasonable consumers. Plaintiff and Class members were deceived about the amount of beef contained in Smashburger's Triple Double, as Smashburger prominently represented that the Triple Double contains "double the beef" on both online and in-store menus and displays, which consumers relied upon in making their purchases.

72. Plaintiff and Class members relied on Smashburger's material misrepresentations and would not have paid for, or would not have paid as much for, the Triple Double had they known the truth.

73. Smashburger's practices, as set forth above, have misled Plaintiff, the Class, and the public in the past and will continue to mislead in the future. Consequently, Defendant's practices constitute unlawful, unfair, and fraudulent business practices within the meaning of the UCL.

74. As a direct and proximate result of Smashburger's unlawful, unfair, and fraudulent conduct, Plaintiff and Class members lost money or property.

75. Smashburger's conduct caused substantial injury to Plaintiff and Class members. Accordingly, Plaintiff seeks an order enjoining Smashburger from committing such unlawful, unfair, and fraudulent business practices, and seek monetary damages for what Plaintiff and Class members paid for the Smashburger's Triple Double and/or restitutionary disgorgement of profits from Defendant. Plaintiff also seeks attorneys' fees and costs under Cal Code Civ. Proc. § 1021.5.

## FOURTH CAUSE OF ACTION

### Breach of Express Warranty

76. Plaintiff incorporates by reference each of the preceding factual allegations.

14
CLASS ACTION COMPLAINT

77. Plaintiff, and each member of the Class, formed a contract with Smashburger at the time Plaintiff and other members of the Class purchased the Triple Double. The terms of that contract include the promises and affirmations of fact made by Smashburger regarding the Triple Double, and through other advertising as described above. This advertising constitutes express warranties, became part of the basis of the bargain, and is part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Smashburger on the other.

78. All conditions precedent to Smashburger's liability under this contract have been performed by Plaintiff and each member of the Class.

79. Smashburger breached the terms of this contract, including the express warranties, with Plaintiff and the Class, because the Triple Double does not in fact contain twice the amount of beef as the Classic Smash, and does not contain the quantity expressly warranted.

80. As a result of Smashburger's breach of its contract, Plaintiff and members of the Class have been damaged because they purchased the Triple Double because of, and in reliance of, Smashburger's deceptive promises and affirmations of fact. Because the Triple Double did not have the quantity or value as promised, Plaintiff and members of the Class have been harmed.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

81. Plaintiff incorporates by reference each of the preceding factual allegations.

82. As the intended, direct, and proximate cause of Smashburger's false, misleading, and deceptive representations, Smashburger has been unjustly enriched through more sales of the Triple Double and higher profits at the expense of Plaintiff and the Class.

83. Plaintiff and Class members conferred benefits on Smashburger by purchasing the Triple Double.

84. Smashburger has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' purchases of the Triple Double. Retention of those moneys

1  under the circumstances is unjust and inequitable because Smashburger misrepresented that
2  the Triple Double contained "double the beef." These false and deceptive representations
3  caused injuries to Plaintiff and Class members because they would not have purchased the
4  Triple Double or not paid as much for the Triple Double had they known the truth.

5       85. Because Smashburger's retention of the non-gratuitous benefits conferred on
6  them by Plaintiff and Class members is unjust and inequitable, Smashburger must pay
7  restitution to Plaintiff and Class members for its unjust enrichment, as ordered by the Court.

## RELIEF REQUESTED

Plaintiff, individually and on behalf of all others similarly situated, requests that the Court enter judgment against Smashburger as follows:

A.  An order certifying this action as a class action under Federal Rule of Civil Procedure 23, defining the Class as requested herein, appointing the undersigned as Class Counsel, and finding that Plaintiff is a proper representative of the Class requested herein;

B.  Injunctive relief requiring Smashburger to disseminate corrective advertising alerting consumers to its misrepresentations concerning its fabricated reference prices;

C.  An order requiring Smashburger to pay all costs associated with Class notice and administration of classwide relief;

D.  An award to Plaintiff and all Class members of compensatory, consequential, incidental, and statutory damages, restitution, and disgorgement, in an amount to be determined at trial;

E.  An award of attorneys' fees, costs, and expenses, as provided by law or equity;

F.  An order requiring Smashburger to pay pre-judgment and post-judgment interest, as provided by law or equity; and

G.  Such other or further relief as the Court may allow.

16
CLASS ACTION COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues in this action so triable of right.

Respectfully submitted,

**AHDOOT & WOLFSON, PC**

Dated: April 11, 2019

*/s/ Tina Wolfson*
Tina Wolfson
*twolfson@ahdootwolfson.com*
Bradley K. King
*bking@ahdootwolfson.com*
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: (310) 474-9111
Fax: (310) 474-8585

*Counsel for Plaintiff and the Putative Class*

# AFFIDAVIT OF TINA WOLFSON

I, Tina Wolfson, declare as follows:

1. I am an attorney with the law firm of Ahdoot & Wolfson, PC, counsel for Plaintiff in this action. I am admitted to practice law in California and before this Court, and am a member in good standing of the State Bar of California. This declaration is made pursuant to California Civil Code section 1780(d). I make this declaration based on my research of public records and upon personal knowledge and, if called upon to do so, could and would testify competently thereto.

2. Venue is proper in this Court because Plaintiff suffered injuries as a result of Defendants' acts in this District, many of the acts and transactions giving rise to this action occurred in this District, and Defendants (1) conduct business in this District, (2) have intentionally availed themselves of the laws and markets of this District through the distribution and sale of their merchandise in this District, and (3) are subject to personal jurisdiction in this District.

3. Plaintiff Barbara Trevino is a resident of Los Angeles County, California.

4. Defendants Smashburger IP Holder LLC and Smashburger Franchising LLC are both Delaware limited liability companies each having a principal place of business at 3900 East Mexico Avenue, Suite 1200, Denver, Colorado. Smashburger IP Holder LLC and Smashburger Franchising LLC are both authorized to conduct and regularly conduct business in the State of California.

5. Defendant Jollibee Foods Corporation (USA) is the parent company of Smashburger IP Holder LLC and Smashburger Franchising LLC. Jollibee Foods Corporation is registered to do business and regularly conducts business in the State of California.

I declare under penalty of perjury under the laws of the United States and the State of California this 11th day of April, 2019 in Los Angeles, California that the foregoing is true and correct.

                                                  */s/ Tina Wolfson*
                                                  Tina Wolfson